UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>*Plaintiff*,<br><br>v.<br><br>OPTION STAFFING SERVICES, LLC,<br><br>*Defendant.* | Civil Action No. 17-2562<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Zurich American Insurance Company of Illinois's ("ZAICI" or "Plaintiff") motion for default judgment against Defendant Option Staffing Services, LLC ("Option" or "Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 6. For the reasons set forth herein, the motion is **GRANTED in part** and **DENIED in part**.

I. **BACKGROUND**

Plaintiff is an Illinois corporation. Complaint ¶ 1, ECF No. 1. Defendant is a New Jersey limited liability company with its principal place of business in New Jersey. Id. ¶ 2. Defendant's two and only members—Fren Yaminton Agudelo and Francia Lorena Agudelo—are New Jersey citizens. Id. ¶ 3.

ZAICI issued Option a workers' compensation insurance policy ("Policy") under the policy number WC 5714419-00 that covered the period from May 23, 2015 to May 23, 2016. Id. ¶ 7. The Policy's initial premiums were based on information submitted by Option regarding its estimated exposure during the dates of coverage. Id. ¶ 10. The Policy contained a provision

granting Plaintiff the right to conduct audits to determine the amount of the final premium based on actual exposure. Id. ¶ 11; Totzke Aff., Ex. B, ECF No. 6-4.

On or around August 31, 2016, ZAICI conducted an audit of Option and determined that Option owed an additional $165,709 in insurance premiums. Compl. ¶ 12; Totzke Aff., Ex. C, ECF No. 6-5. On September 21, 2016, ZAICI sent Option a letter informing Option that the $165,709 was overdue and demanding the unpaid premium by October 10, 2016. Id. The letter also informed Option of procedures for disputing the amount owed. Id.

Option made two installment payments of $5,000—one on January 30, 2017 and the other on February 6, 2017—toward the final premium payment. Compl. ¶ 15; Totzke Aff., Ex. D, ECF No. 6-6. Option has failed to remit any remaining portion of the final payment. Compl. ¶ 16.

Defendant was properly served on April 20, 2017. ECF No. 4. Defendant has not appeared in this case nor filed an answer or otherwise pled in response to the Complaint. ECF No. 6-1 ¶ 5. On May 12, 2017, pursuant to Fed. R. Civ. P. 55(a), Plaintiff requested an entry of default by the Clerk of Court as to Defendant, and the Clerk entered default on May 15, 2017. ECF No. 5; ECF No. 6-1 ¶ 6-7.

Plaintiff's Complaint contains four largely redundant counts. In Count One, for breach of contract as to the Policy, Plaintiff seeks payment of the outstanding $155,709 as well as attorney fees, costs, and interest. In Count Two, for breach of contract as to the payment agreement, Plaintiff seeks payment of the same $155,709 as well as attorney fees, costs, and interest. In Count Three, for unjust enrichment, Plaintiff seeks payment of the same outstanding $155,709 as well as attorney fees, costs, and interest. In Count Four, for "account stated," Plaintiff seeks payment of the same outstanding $155,709 as well as attorney fees, costs, and interest.

II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

This Court has subject matter jurisdiction over this dispute by virtue of diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of Illinois with a principal place of business in Illinois, Defendant is a citizen of New Jersey, and the amount in controversy exceeds $75,000. Compl. ¶ 4. The Court has personal jurisdiction over Option because Option is a New Jersey citizen. Id. ¶ 2.

#### B. Liability

As Defendant has not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of Plaintiff's well-pled allegations as to liability. Comdyne I, 908 F.2d at 1149. The Court is satisfied that Plaintiff had adequately pled a claim against Option for breach of contract as to the Policy.

To state a claim for breach of contract in New Jersey, a plaintiff must allege: (1) the existence of a valid contract between the parties; (2) that Defendant breached the contract; and (3) that Plaintiff suffered damages due to the breach. See AT & T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999). Plaintiff has alleged (1) there was a contractual relationship between the parties based on the Policy, see Compl. ¶ 8; Totzke Aff., Ex. B; (2) that Option breached the Policy by failing to remit the $155,709 balance of the final audit premium amount, see Compl. ¶ 16; and that Plaintiff suffered damages as a result of Option's breach, see id. ¶ 19. Therefore, Plaintiff has sufficiently alleged breach of the Policy by Option.[1]

**C. Appropriateness of Default Judgment**

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, the Defendant does not have a meritorious defense. See U.S. Small Business Admin. v. Silver Creek Const. LLC, 2014 WL 3920489 (D.N.J.), at *5. Second, the Court finds that ZAICI will suffer prejudice absent entry of default judgment as ZAICI will have no other means of obtaining relief. Finally, the Court finds the Defendant acted culpably as it has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service. See id.;

---

[1] Because Plaintiff's claims in Counts Two, Three, and Four repeat the allegations of Count One and seek the same relief, the Court need not address these additional claims.

see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

ZAICI has requested a default judgment in the amount of $155,709. Totzke Aff. ¶ 13, This amount is calculated as of February 8, 2017 and consists of the unpaid final audit premium of $165,709, minus the two installment payments of $5,000.00 each, one made on January 30, 2017 and the other on February 6, 2017. Id., Ex. D. ZAICI also seeks interest, attorney fees, and costs. Compl. ¶¶ 24, 30, 36, 41; Totzke Aff. ¶ 13. ZAICI has provided the Court with sufficient proof of the final audit premium balance. Id., Ex. D.

Based on the foregoing, judgment shall be entered against Option Staffing Services, LLC for $155,709.00. Plaintiff may file an interest calculation within thirty days. As Plaintiff has not provided a contractual basis for its request for attorney fees and costs, that request is **denied**.

## IV. CONCLUSION

For the reasons set forth herein, ZAICI's motion for default judgment, ECF. No. 6, is **GRANTED** as to the unpaid premium balance and **DENIED** as to the request for fees and costs. An appropriate Order accompanies this Opinion.

**Dated: December 13, 2017**

/s Madeline Cox Arleo
**Hon. Madeline Cox Arleo**
**United States District Judge**